UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GARDEN CITY BOXING CLUB, INC., | |
| Plaintiff, | Case No. 2:07-cv-01563-RLH-GWF |
| vs. | **ORDER AND FINDINGS AND RECOMMENDATIONS** |
| JOSE IZARRARAZ, *et al.*, | |
| Defendants. | |

This matter is before the Court on Plaintiff Garden City Boxing Club, Inc.'s Emergency Motion For Terminating Sanctions, Or In The Alternative, Motion To Compel Disclosures and Discovery Responses (#47), filed on October 21, 2008. The subject motion is directed against Defendant Victor Aranda. Defendant Aranda has not filed a written response to Plaintiff's motion.

## BACKGROUND

Plaintiff's Complaint (#1), filed on November 26, 2007, alleges that Defendants violated the provisions of 47 U.S.C. §605 and 47 U.S.C. §553 by infringing on Plaintiff's exclusive nationwide television distribution rights to the *Marco Antonio Barrerra vs. Eric Morales* boxing match broadcast on November 27, 2004. Defendants allegedly televised the match at their restaurants without license to do so. Plaintiff seeks the recovery of statutory damages under Sections 605 and 553 and also seeks compensatory and punitive damages for common law conversion.

Defendant Aranda, acting in *pro se*, filed his Answer (#14) on December 21, 2007. According to Plaintiff, since filing his answer, Defendant Aranda has not cooperated or participated in discovery. In particular, Plaintiff states that Defendant Aranda failed to appear for a Fed.R.Civ.Pro. 26(f) conference that Plaintiff's counsel attempted to schedule for February 7, 2008. Defendant Aranda also

failed to participate in preparing a joint proposed discovery plan and scheduling order. Plaintiff therefore filed its proposed Independent Discovery Plan and Scheduling Order (#25) on February 21, 2008. The Court set a status conference regarding the discovery plan for March 6, 2008. *Minute Order (#26)*. Neither party appeared at the conference and the Court therefore entered a scheduling order (#28) on March 6, 2008. According to Plaintiff, Defendant Aranda failed to make initial disclosures pursuant to Fed.R.Civ.Pro. 26(a)(3). He also failed to participate in filing a joint interim status report as required by the discovery plan and scheduling order (#28) and he has failed to serve responses to Plaintiff's Interrogatories, Requests for Production and Requests for Admissions.

On August 15, 2008, the Court issued order (#32) scheduling a settlement conference in this action for October 3, 2008. Defendant Aranda did not appear for the settlement conference as ordered. *See Minute Order in Chambers (#41)*.

On September 15, 2008, Plaintiff filed a Motion for Summary Judgment Pursuant to FRCP 56 and/or Alternatively For an Order Declaring Certain Facts Established Under FRCP 56(d) (#34). Plaintiff's motion is based on Defendant Aranda's failure to serve responses to Plaintiff's requests for admissions which should therefore be deemed admitted. On October 1, 2008, Defendant Aranda filed a Motion to Permit Late Filing of Answers to Request for Admissions (#38). He also filed an Opposition to the Motion for Summary Judgment (#39) in which he requested additional time to answer the requests for admissions. Although the Court gave Defendant Aranda until October 17, 2008 to serve responses to Plaintiff's requests for admissions, *Order (#17),* Plaintiff states that Defendant Aranda still did not serve responses. As indicated above, Defendant Aranda has not filed a response to Plaintiff's Emergency Motion For Terminating Sanctions (#47).

## DISCUSSION

Pursuant to Fed.R.Civ.Pro. 37(d)(1) and (3), the Court may impose sanctions authorized under Rule 37(b)(2)(A)(i)-(vi) on a party who fails to respond to interrogatories and requests for production of documents. No prior court order is required under Rule 37(d) for sanctions to be imposed. Sanctions under this section, however, are limited to situations in which there is a complete failure to respond to interrogatories or requests for production or where the response is so evasive or misleading as to constitute no response at all. *Fjelstad v. American Honda Motor Co., Inc.*, 762 F.2d 1334, 1339-40 (9th

1   Cir. 1985), *Badalamenti v. Dunham's, Inc.*, 896 F.2d 1359, 1363 (Fed. Cir. 1990).

2     Fed.R.Civ.Pro. 37(c)(1) also provides that if a party fails to disclose information or witnesses as
3   required by Rule 26(a), the party is not allowed to use that information or witness to supply evidence in
4   the case unless the failure was substantially justified or harmless.  The court may also order the party to
5   pay the other party's reasonable expenses, including attorney's fees, and the court may impose other
6   appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).  Fed.R.Civ.Pro.
7   16(f) also states that the court may impose sanctions authorized by Rule 37(b)(2)(A)(ii)-(vii) if a party
8   or its attorney fails to appear at a scheduling or other pretrial conference.

9     When sanctions are warranted, the Court must also determine the appropriate level or severity of
10  sanctions based on the particular circumstances of the case.  Generally, the severe sanction of dismissal
11  or striking a defendant's answer is the last rather than first resort. *Henry v. Gill Industries,* 983 F.2d
12  943, 948 (9th Cir. 1993), states:

> Because the sanction of dismissal is such a harsh penalty, the district court must weigh five factors before imposing dismissal: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Porter v. Martinez*, 941 F.2d 732,733 (9th Cir. 1991) (citations and internal punctuation omitted).

18    The key factors are prejudice and the availability of lesser sanctions. *Henry,* 983 F.2d at 948,
19  *citing Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).  For dismissal to be proper, the conduct
20  to be sanctioned must also be due to willfulness, fault or bad faith by the losing party. *Henry*, 983 F.2d
21  at 947-48, *citing Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir. 1985). *See*
22  *also Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995) and
23  *Valley Engineers Inc. v. Electric Engineering Company*, 158 F.3d 1051 (9th Cir. 1998).  Disobedient
24  conduct not shown to be outside the control of the litigant is all that is required to demonstrate
25  willfulness, bad faith or fault. *Henry,* 983 F.2d at 948, *citing Fjelstad,* 762 F.2d at 1341.  In deciding
26  whether dismissal or default is warranted, the court may consider all of the offending party's discovery
27  conduct. *Henry*, 983 F.2d at 947, *citing Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1411 (9th Cir.
28  1990).

In *Henry*, the court stated that a defendant suffers prejudice if plaintiff's actions impair defendant's ability to go to trial or threaten the rightful decision of the case. It noted that as a result of plaintiff's wrongful delaying actions, a key witness for defendant became unavailable to participate in the defense. The court also found that lesser sanctions had been tried to obtain plaintiff's compliance and had failed. The court also held that plaintiff's failure to produce documents, his disregard for discovery orders and his repeated failure to appear for his deposition justified the conclusion that his conduct was willful, in bad faith or at fault. *Id.,* at 949. The court therefore held that dismissal was an appropriate sanction.

In *Valley Engineers Inc. v. Electric Engineering Company*, 158 F.3d 1051, 1057 (9th Cir. 1998), the court stated that it is not always necessary for the court to impose less severe sanctions first, or to give any explicit warning of the dismissal sanction in order for the sanction of dismissal to be proper. The court stated:

> What is most critical for case-dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is whether the discovery violations "threaten to interfere with the rightful decision of the case." *Adriana*, 913 F.2d at 1412. While contumaciousness toward the court needs a remedy, something other than case-dispositive sanctions will often suffice. Dismissal is appropriate where a "pattern of deception and discovery abuse made it impossible" for the district court to conduct a trial "with any reasonable assurance that the truth would be available." *Id.,* at 1057-58, *citing Anheuser-Busch, Inc.,* 69 F.3d at 352.

*Id.*, at 1057-58.

Prior to filing its instant motion, Plaintiff did not move for an order pursuant to Rule 37(a) compelling Defendant Aranda to provide responses to Plaintiff's discovery requests or to provide initial disclosures. The Court, therefore, has not had occasion to order Defendant Aranda to comply with his discovery obligations or to warn him that severe sanctions may be imposed for his failure to provide discovery or comply with court orders. The Court also notes that Defendant Aranda is not represented by counsel. It is apparent, however, that Defendant Aranda has not participated in good faith or otherwise in the discovery and other pretrial process and that he has no intention of even attempting to comply with his discovery and other pre-trial obligations.

Defendant did not participate in the Rule 26(f) conference that Plaintiff's counsel attempted to schedule, and he did not participate in preparing or submitting a proposed discovery plan and

scheduling order. Defendant has not responded to interrogatories and requests for production of documents served upon him in June 2008. In addition, Defendant Aranda did not respond to Plaintiff's requests for admissions and he did not serve initial disclosures pursuant to Fed.R.Civ.Pro. 26(a)(3). Defendant also failed to appear for the court-ordered March 6, 2008 status conference regarding the discovery plan and scheduling order. Plaintiff's counsel made several attempts to communicate with Defendant Aranda telephonically and by correspondence to obtain discovery responses, to no avail.

On September 3, 2008, Plaintiff's counsel sent a letter to Defendant Aranda advising him that his refusal to participate in the discovery process hinders the Plaintiff's ability to prepare and prosecute its case and may result in the imposition of sanctions against him, including striking his Answer. *See Emergency Motion (#47)*, Exhibit "9." Although not the equivalent of a court order, Plaintiff's counsel's letter clearly placed Defendant Aranda on notice of the potential for severe sanctions if he continued to refuse to participate in discovery. Defendant Aranda did not respond to Plaintiff's counsel's request that he communicate with her regarding his outstanding discovery responses.

Defendant Aranda thereafter failed to appear for the court-ordered settlement conference on October 3, 2008 and he also failed to appear for calendar call on October 23, 2008. Defendant Aranda's only action since filing and serving his answer appears to have been to request additional time to serve responses to requests for admissions after Plaintiff filed its motion for summary judgment. Finally, of course, Defendant Aranda has failed to respond to Plaintiff's Emergency Motion. Local Rule (LR) 7-2 (d) provides that the failure to file points and authorities in response to any motion shall constitute a consent to the granting of the motion.

## CONCLUSION

The record in this case demonstrates that Defendant Aranda has willfully and in bad faith failed to respond to Plaintiff's discovery requests or to comply with his other pretrial obligations. Under these circumstances, the Court finds that imposition of severe sanctions under Rule 37(b)(2)(A) are justified. The Court also finds that the $1,500.00 for attorney's fees and costs requested by Plaintiff for the time and effort incurred in preparing the motion is clearly reasonable and that it is unnecessary to require Plaintiff to submit a separate application justifying its application for fees and costs. Accordingly, . . .

**ORDER**

**IT IS HEREBY ORDERED** that Plaintiff's Emergency Motion For Terminating Sanctions, Or In The Alternative, Motion To Compel Disclosures and Discovery Responses (#47) is **granted** in regard to Plaintiff's request for an award of attorney's fees and costs in the amount of $1,500.00.

**IT IS FURTHER ORDERED** that Defendant Aranda shall pay to Plaintiff the sum of $1,500.00 within thirty (30) days of the filing of this Order.

**RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that Defendant's Emergency Motion For Terminating Sanctions, Or In The Alternative, Motion To Compel Disclosures and Discovery Responses (#47) be **granted** and that Defendant Aranda's Answer to the Complaint be stricken and his default entered.

**NOTICE**

Pursuant to Local Rules IB 3-1 and 3-2, any objection to this Order and Finding and Recommendation must be in writing and filed with the Clerk of the Court within ten (10) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 5th day of December, 2008.

_George Foley Jr._
GEORGE FOLEY, JR.
United States Magistrate Judge